RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 08/10/05
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **HAROLD JOE BLACK** | DOCKET NO. 1:04 CV 2489 |
| | SECTION P |
| VS. | JUDGE DRELL |
| **TIM WILKINSON, ET AL.** | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by *pro se* Plaintiff, **HAROLD JOE BLACK** ("Plaintiff"). Plaintiff is currently confined at the Winn Correctional Center in Winnfield, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on January 4, 2005. [Rec. Doc. 3].

### FACTS AND PROCEDURAL HISTORY

Plaintiff alleges he was convicted by the prison disciplinary board. [Rec. Doc. 1, p.5] He seeks to challenge his conviction for Defiance. [Doc. ,p.4]. Plaintiff was sentenced by the disciplinary board to 10 days isolation, and loss of canteen privileges for 8 weeks. [Doc. 9, p.4]. Plaintiff alleges that he was denied work release.

Plaintiff names as defendants: Tim Wilkinson, Carl Coleman, Nicole Smith, and Lois Childs.

Plaintiff was not ordered to amend due to the thoroughness of

his initial complaint.[1] As relief, Plaintiff seeks the disciplinary report expunged, monetary damages for his disciplinary conviction, attorney's fees, and monetary damages for pain and suffering and work release. [Rec. Doc. 5]

Plaintiff is proceeding *in forma pauperis* in this action and therefore his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e).

**SCREENING**

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii);

---

[1] Plaintiff alleges he did not receive a response from the final step of administrative remedies, but because the complaint fails on other grounds, the exhaustion issue will not be addressed in this report and recommendation. [Doc. 1, p.3].

2

1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

3

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d 397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

**WORK RELEASE**

Section 1983 of Title 42 of the United States Code, prescribes redress for conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed pursuant to 42 U.S.C. § 1983, is whether a plaintiff has alleged the violation of a specific constitutional right. If no constitutional violation has been alleged, there is no cognizable claim pursuant to 42 U.S.C. § 1983.

Plaintiff's argues that he has the right to work release, and that defendants failure to screen him for this release is unconstitutional. [Rec. Doc.1, p.'s 19-21]. In Welch v. Thompson, 20 F.3d 636 (5th Cir. 1994), the United States Fifth Circuit Court of Appeals addressed the issue of whether Louisiana's prison work release program creates a protected liberty interest for eligible prisoners, the deprivation of which cannot be sustained without due process. The court held that the Due Process Clause was not

implicated because no federal or state law, created a constitutionally protected right to participate in the DOC work release program. Id. at 644. It follows then, that in the instant case, Plaintiff can not demonstrate the deprivation by a state actor of any right, privilege or immunity secured by the Constitution or laws of the Untied States, by the DOC denying his request for eligibility in the Louisiana work release program. His section 1983 claim related to work release therefore fails to state a claim upon which relief can be granted and is recommended dismissed with prejudice as frivolous.

**DUE PROCESS**

Prisoner's have a liberty interest in accumulated good time credit, and revocation of good time credits must comply with minimal due process requirements. Henson v. U.S. Bureau of Prisons, 213 F.3d 897, 898 (5th Cir. 2000).

Due process requires that prisoners in prison disciplinary hearings **resulting in loss of good-time** be afforded advance written notice of claimed violation, written statement of fact findings, and right to call witnesses and present documentary evidence where such would not be unduly hazardous to institutional safety or correctional goals. Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff at 556. Due process

5

requirements are satisfied when "some evidence" supports the disciplinary conviction and subsequent credit revocation. Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445 (1985). The proper inquiry is whether there is any evidence in the record to support the conclusion of the disciplinary board. Id. at 455.

Plaintiff's disciplinary conviction did not result in the loss of good time, instead, he was sentenced to loss of canteen privileges and isolation. [Rec. Doc.7, p.3] As such, he fails to state a due process challenge to his disciplinary board punishment. This claim should be dismissed as frivolous.

**Heck v. Humphrey**

To the extent plaintiff seeks damages on the basis that his disciplinary action allegedly violated his Constitutional rights, that claim is not cognizable. Under the Fifth Circuit's en banc decision in Clarke v. Stalder, 154 F.3d 186 (5th Cir 1998) and the reinstated portions of the original panel opinion, Clarke v. Stalder, 121 F.3d 222 (5th Cir. 1997), Plaintiff's claim is clearly barred under the principles articulated by the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994) and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997).

A claim that effectively attacks the constitutionality of a

"conviction" does not accrue until that "conviction"[2] has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); Clarke, 154 F.3d at 189; Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996). Unless the plaintiff can prove one of the criteria, his claim is not cognizable and must be dismissed. Cronn v. Buffington, 150 F.3d 538 (5th Cir. 1998). Moreover, "if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' or the length of his confinement" the claim is not cognizable. Heck, 114 S.Ct. at 2372.

Until Plaintiff successfully challenges the disciplinary action, he cannot state a claim upon which relief can be granted.

Moreover, any decision by this court regarding the constitutionality of disciplinary action would "necessarily imply" the invalidity of plaintiff's disciplinary punishment. Therefore, until plaintiff demonstrates that the disciplinary action has been invalidated, his claim for monetary damages should be dismissed with prejudice until the requirements of Heck v. Humphrey, supra,

---

[2] Prison disciplinary actions are "convictions" for purposes of Heck. Clarke, 154 F.3d at 189.

7

are met.[3]

Accordingly, Plaintiff's claim should be dismissed as frivolous.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that Plaintiff's claim challenging his disciplinary conviction be **dismissed with prejudice** as frivolous until Heck conditions are met pursuant to 28 U.S.C.§ 1915(e).

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **dismissed with prejudice as frivolous** pursuant to 28 U.S.C. 1915(e)(B)(i).

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed**

---

[3]In Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), District courts are directed to dismiss such claims "with prejudice to their being asserted again until the Heck conditions are met."

factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[4]

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____August_____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[4]See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

9